IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BOBBIE MCNEILL, #359257, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-10-0029 |
| BALTIMORE COUNTY POLICE DEPARTMENT, | * | |
| OFFICER WEAVER, | * | |
| OFFICER DUKER, | | |
| OFFICER GRELAK, | * | |
| OFFICER GRANT, | | |
| OFFICER HAYS, | * | |
| OFFICER MABRY, | | |
| | * | |
| Defendants. | | |
| | * | |
| *** | | |

MEMORANDUM

On January 6, 2010, McNeill sued the Baltimore County Police Department and several of its officers under 42 U.S.C. § 1983 for compensatory and other relief. Paper No. 1. Pending is the Defendants' unopposed motion to dismiss or for summary judgment. Paper No. 6. For the following reasons, that motion will be granted in part and denied in part.[1]

---

[1] The Baltimore County Police Department argues that it is not a legally cognizable entity, subject to suit in its own name. Paper No. 6, Mem. at 2-3. The substantive law of Maryland determines whether the Baltimore County Police Department possesses the legal capacity to be sued. *See Chrysler Credit Corp. v. Superior Dodge, Inc*, 538 F. 2d. 616, 617-18 (4th Cir. 1976). Under Maryland law, municipal or county police departments are agencies of their respective municipality or county. *See Clea v. Mayor and City Council of Baltimore*, 312 Md. 662, 668, 541 A. 2d. 1303 (Md. 1988). As such, the Baltimore County Police Department has no legal identity separate and distinct from Baltimore County. Consequently, this Defendant lacks the requisite capacity to be sued. *See* Fed. R. Civ. P. 17. The motion to dismiss the Baltimore County Police Department will be granted.

I.     BACKGROUND

On February 9, 2009, McNeill was indicted on four counts of second-degree assault and single counts of second-degree assault on an officer, reckless driving, driving a motor vehicle on a suspended license, fleeing and eluding, fleeing on foot, resisting arrest, and reckless endangerment.  Paper No. 6, Ex. 1.  On September 30, 2009, he pled guilty to one count of second-degree assault pursuant to a plea agreement; all other counts were dismissed *nolle prosequi*.  *Id*.  The factual basis for the guilty plea recited McNeill's flight from police after he was pulled over for driving the wrong way down a one-way street.  Paper No. 6, Ex. 2 at 11-14 (hereinafter *Balt. Co. Tr.*).

> Ultimately, about five miles into the chase the defendant turned on a roadway that had an alley.  The defendant turned into the alley abandoning his car and blocking the alley from the police cars.  He then got out on foot and a chase ensued.
>
> Three officers, one of whom was Officer Grant, who was the first officer.  She advised that was the defendant.  As he was running, she was able to grab his shirt.  She fell as she grabbed his shirt. She hyperextended her wrist, but she was not able to stop the defendant.
>
> He was ultimately able to get to a chain link fence, and he grabbed onto the fence.  It took three officers to try and remove him from the fence.  Ultimately, they were able to get him off the fence, but everyone fell, including the defendant and all three officers.
>
> Officer Grant would testify at that time she did hear the defendant hit his head.  The defendant did continue to resist arrest.  He continued to use profanity.  "Fuck you," like that language.
>
> Ultimately he was arrested.  He was taken back to Officer Grant's patrol car.  Even at that point he continued to resist arrest.  He broke the antenna off her patrol car.
>
> Officer Hays had the defendant and had his hands handcuffed, and he actually jabbed her with his fingernail and caused a cut to Officer Hays.  Because they couldn't get him in the patrol car, they called for a paddy wagon.  He was then taken to the precinct in the paddy wagon.  He did sustain injuries.

Paper No. 6, Ex. 2 at 11-14 (hereinafter *Balt. Co. Tr.*).[2] Based on this recitation of facts, Baltimore County Circuit Court Judge H. Patrick Stringer accepted and entered the guilty plea to second-degree assault, *id*. at 14:11-13, and sentenced McNeill to ten years (six suspended) and two years of supervised probation, Paper No. 6, Ex. 1 at 2.

On January 6, 2010, McNeill sued the Defendants under 42 U.S.C. § 1983. Paper No. 1. In that complaint, McNeill alleges that on January 16, 2009, after he had been arrested and placed in handcuffs, police officers "kicked [him] in the head while [he] was on the ground" and "punched [him] multiple times in the fac[e]" after he was lifted to his feet. *Id*. 1 at 4.[3] McNeill further alleges that he was taken to the emergency room for staples to his head and stitches for his eye. *Id*. at 4-5. He still allegedly suffers head pain and blurry vision and needs orthopedic surgery on his knee because of the injuries that he sustained during the incident. *Id*. at 5. On March 30, 2010, the Defendants filed a motion to dismiss or for summary judgment. Paper No. 6.

II. ANALYSIS

A. Standard of Review

Under Rule 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, "the judge's function is not…to weigh

---

[2] There were no modifications made by McNeill to the statement of facts as read. *Balt. Co. Tr.* 14:8-10.

[3] The allegations in the Complaint were not sworn.

the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

The Court must "view the evidence in the light most favorable to …the nonmovant, and draw all reasonable inferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

     B.     Excessive Force Claim

The Defendants argue that McNeill is judicially estopped from making his excessive force claim because it is inconsistent with the statement of facts underlying his September 30, 2009 guilty plea. Defs.' Mot. 3-7.

"Judicial estoppel is a principle developed to prevent a part from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court." *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007). It may be applied when: (1) the party to be estopped is seeking to adopt a factual position that is inconsistent with a stance taken in prior litigation, (2) the prior inconsistent position was accepted by the court, and (3) the party to be estopped intentionally misled the court to gain unfair advantage. *Id*. The "bad faith" requirement of the third element is the "determinative factor." *See John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28 (4th Cir. 1995).

Here, the Defendants have not demonstrated that the prior criminal conviction and plea "distinctly put in issue and directly determined" the issue of McNeill's treatment immediately

4

following his arrest. *Emich Motros Corp. v. General Motors Corp.*, 340 U.S. 558, 568 (1951). The transcript does not conclusively show that there was no use of excessive force after McNeill was arrested and handcuffed, and there is no other evidence that those facts were actually and necessarily considered and resolved. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008) (denying estoppel because defendant's guilty plea to resisting arrest did not necessarily resolve the issue of excessive force). Because McNeill's present position and allegations are not contradictory to the position he took when he pled guilty, his Fourth Amendment excessive force claim must be addressed on the merits.[4]

III. CONCLUSION

For the reasons stated above, the Defendants' motion will be granted in part and denied in part. The claim against the Baltimore County Police Department will be dismissed, and the police officers will file a supplemental response to McNeill's allegations within 60 days from the date of this Memorandum Opinion and Order.

 July 20, 2010    /s/
Date William D. Quarles, Jr.
United States District Judge

---

[4] Because the Defendants' qualified immunity defense assumes that McNeill "is judicially estopped" from making his excessive force claim, it too must fail. *See* Defs.' Mot. 8.

5